LINE-ITEM VETOES — VALIDITY The line item vetoes in Enrolled Senate Bill No. 73 of the First Regular Session of the Thirty-fifth Oklahoma Legislature (1975), Ch. 368, O.S.L. 1975, are valid. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Are the line item vetoes in Enrolled Senate Bill No. 73 of the 1975 Legislature valid? 2. If such line item vetoes are invalid, does' the act revert to its original form or are the specific directions as to each item attempted to be vetoed deleted from the act? Enrolled Senate Bill No. 73 of the First Regular Session of the Thirty fifth Oklahoma Legislature (1975), Ch. 368, O.S.L. 1975, is entitled: "AN ACT RELATING TO THE OFFICE OF THE OKLAHOMA HISTORICAL SOCIETY AND MAKING APPROPRIATIONS THERETO; . . ." Section 1 of the act contains the following language of appropriation: "There is hereby appropriated to the Office of the Oklahoma Historical Society, from the General Revenue Fund of the State Treasury, for the fiscal year ending June 30, 1976, not otherwise appropriated, the following amount or so much thereof as may be necessary to perform the duties imposed upon the Office of the Oklahoma Historical Society by law and for the purposes indicated: . . ." Thereafter, there are listed twenty-six such purposes including personnel services and operating expenses of the Oklahoma Historical Society and twenty-four museums or historical sites as, for example, the Jim Thorpe Home and the Oklahoma Territorial Museum. Opposite each such purpose, museum or historical site, is provided the amount appropriated for such purpose. On the last line of the section is the word "total" and the figure "$810,619.00". Section 2 of the act contains the following language of appropriation: "There is hereby appropriated to the Office of the Oklahoma Historical Society, from the Income Tax Adjustment Fund in the State Treasury, for the fiscal year ending June 30, 1975, not otherwise appropriated, the following amounts or so much-thereof as may be necessary to perform the duties imposed upon the Office of the Oklahoma Historical Society by law and for the purposes indicated: . . ." Thereafter, there are listed forty-six historical organizations or sites as, for example, the Apache Historical Society and the Armstrong Academy Cemetery. In the same manner as provided in Section 1, the amounts appropriated for each purpose specified are provided opposite the name of the organization or site and a total is stated at the end of the section of "$409,250.00". The enrolled version of Senate Bill No. 73 reflects on its face that the designation in Section 1 of $7,361.00 for Green McCurtain Homesite was marked through and the words "veto" and "David Boren" are written on the same line. In Section 2, thirty designated purposes were similarly marked vetoed. At the end of the bill, where the Governor signed the bill was approved, he added the following language: "Except for items in sections one and two which are lined through and specifically disapproved." The power of the Governor to veto items of an appropriation bill is provided in Article VI, Section 12
Oklahoma Constitution: "Every bill passed by the Legislature, making appropriations of money embracing distinct items, shall, before it becomes a law, be presented to the Governor; if he disapproves the bill, or any item, or appropriation therein contained, he shall communicate such disapproval, with his reasons therefor, to the house in which the bill shall have originated, but all items not disapproved shall have the force and effect of law according to the original provisions of the bill. Any item or items so disapproved shall be void, unless repassed by a two-thirds vote, according to the rules and limitations prescribed in the preceding section in reference to other bills: Provided, That this section shall not relieve emergency bills of the requirement of the three-fourths vote." Your letter states the view that since the two "total figures" were not changed when the vetoes were marked, the totals remain as effective appropriations. In addressing this question, it is first necessary to determine the meaning of an "item" or "appropriation" as used in Article VI, Section 12
Oklahoma Constitution, since the Governor is empowered thereunder as to every bill "making appropriations of money embracing distinct items", to veto not only the bill in its entirety but also "any item or appropriation therein contained". In Commonwealth v. Dodson,11 S.E.2d 120, the meaning of the term "item" is discussed as used in the Virginia Constitution empowering the Governor to veto items of an appropriations bill: "If the Commonwealth were to determine to erect a library building and were to set apart a certain sum for structural steel, another for a heating plant, etc., and were finally to provide for a supervising architect at a stated salary, plainly the Governor could not, by veto, dispense with the services of an architect, although the sum to be paid for his services might, in a limited sense, be regarded as an item. That term, as used in the Constitution, refers to something which may be taken out of a bill without affecting its other purposes or provisions. . . ." Upon reviewing the provisions of Senate Bill No. 73, it is apparent that the appropriations in Section 1 and Section 2 are separate appropriations for each of the purposes stated. The items of appropriation for the purpose of historical sites and organizations not vetoed remain unaffected by the specific appropriations vetoed. Each such appropriation was thus subject to the item veto of the Governor. Concerning the fact that the "total figures" of Sections 1 and 2 were not changed along with the marking of items vetoed, it would appear that such figures are included for clarity and administrative purposes and do not have the effect of consolidating each of the appropriations into one item of appropriation. Since the approval of the bill by the Governor was conditioned upon the item vetoes indicated, and since the veto of such items was communicated to the house of origination, the item vetoes were valid and the appropriations to the Oklahoma Historical Society by Senate Bill No. 73 are reduced accordingly. Our answer to your first question makes unnecessary response to your second question. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The line item vetoes in Enrolled Senate Bill No. 73 of the First Regular Session of the Thirty-fifth Oklahoma Legislature (1975), Ch. 368, O.S.L. 1975, are valid. (Joe C. Lockhart)